**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| CARYN G.,[1]<br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>*Commissioner of the Social Security Administration*,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 3:25-CV-578 (RCY) |

**MEMORANDUM OPINION**
**(Adopting Report and Recommendation of the Magistrate Judge)**

Plaintiff Caryn G. challenges the Social Security Administration Commissioner's ("Commissioner" or "Defendant") final decision to deny her Title II application for disability insurance benefits and her Title XVI application for Supplemental Security Income ("SSI"). On August 5, 2026, the Magistrate Judge issued a Report and Recommendation ("R&R") on the parties' cross-motions for summary judgment (ECF No. 18). The R&R recommended that the Court (1) deny the plaintiff's motion for summary judgment; (2) grant the Commissioner's motion for summary judgment; and (3) affirm the final decision of the Commissioner. Plaintiff has objected to the Magistrate Judge's R&R and asks that the Court "reject the Magistrate Judge's R&R, reverse the claim, and award benefits," or alternatively remand for further administrative proceedings. For the reasons that follow, the Court will overrule Plaintiff's objection and will adopt the Magistrate Judge's R&R in full.

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that federal courts refer to claimants by their first names and last initials in social security cases.

## I. STANDARD OF REVIEW

A district court reviews *de novo* any part of a Magistrate Judge's disposition to which a party has *properly* objected. Fed. R. Civ. P. 72(b)(3); *Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985). Notably, as long as the "grounds for objection are clear, district court judges must consider them *de novo*, or else run afoul of both § 636(b)(1) and Article III." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023). Importantly, "district court judges are not required to consider new arguments posed in objections to the magistrate's recommendation." *Elijah*, 66 F.4th at 460 n.3 (citing *Samples v. Ballard*, 860 F.3d 266, 275 (4th Cir. 2017)).

In conducting *de novo* review, a court analyzes the Commissioner's final decision using the same standard as that used by the Magistrate Judge. The reviewing court must determine whether the factual findings are supported by substantial evidence and whether the proper legal standard was applied in evaluating the evidence. *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005). Substantial evidence requires "more than a mere scintilla of evidence but may be somewhat less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In reviewing for substantial evidence, courts may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Id.* Upon concluding its review, a court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## II. ANALYSIS

Plaintiff "specifically objects to . . . the Magistrate Judge's [recommendation] that the decision of the Commissioner be affirmed." Pl.'s Obj. 2, ECF No. 19. Following this blanket,

non-specific objection,[2] Plaintiff presents argument directly pertaining to the ALJ's evaluation of the opinion of Ms. Foust-Ward, P.A., the agency expert hired to examine Plaintiff, and how "the ALJ failed to properly explain how" his consideration of the supportability and consistency factors required by 20 C.F.R. § 416.920c "led to the ALJ's decision to reject the lifting and carrying restrictions opined by the Agency's own examining expert." Pl.'s Obj. 2. After presenting this argument, Plaintiff pushes back on the Magistrate Judge's specific conclusion that the ALJ did in fact properly consider and discuss both factors required by 20 C.F.R. § 416.920c. *Id.* at 3–4. Accordingly, the Court understands Plaintiff to object to the Magistrate Judge's determination that the ALJ properly considered and explained how the supportability and consistency factors led him to a different limitation opinion that that proffered by Ms. Foust-Ward.

Observing that this objection is the same argument that was presented in support of Plaintiff's Motion for Summary Judgment, *see* Pl.'s Br. Supp. Mot. Summ. J. 6–12, ECF No. 11, and thus is not novel, the Court has conducted a *de novo* review of this aspect of the Magistrate Judge's disposition. Fed. R. Civ. P. 72(b)(3); *Wimmer*, 774 F.2d at 73; *Elijah*, 66 F.4th at 460 n.3. Based on the administrative record, and considering in detail Plaintiff's Objection and those aspects of the same argument presented in her Motion for Summary Judgment, the Court is not persuaded that the ALJ erred in his consideration and weighing of Ms. Foust-Ward's opinion. The Court finds the R&R well-reasoned, supported by the record and applicable law, and consistent with this Court's *de novo* assessment. The Court thus will adopt the R&R in full.

Specifically, the Court agrees with Defendant and the Magistrate Judge that the ALJ applied correct legal standards in evaluating Ms. Foust-Ward's opinion, and that his determination

[2] Plaintiff does refer to and ask "that this Court carefully review the arguments set forth in Plaintiff's <u>Statement of Specific Errors</u> in addition to the arguments herein," Pl.'s Obj. 2, but it is unclear to what list of errors Plaintiff refers. Nothing is attached to the Objection, and no "Statement of Specific Errors" has been filed elsewhere in connection with the cross motions for summary judgment. Thus, the Court is unable to ascertain what "Statement" Plaintiff would have the Court "carefully review."

was supported by substantial evidence and adequately explained. Def.'s Mot. Summ. J. 8, ECF No. 14; R. & R. 12, ECF No. 18. In the course of his five-step[3] disability evaluation, the ALJ determined that Plaintiff had the RFC to

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that she is able to lift, carry, push and pull 10 pounds occasionally and five pounds frequently. She can stand and/or walk two hours in an eight-hour workday and can sit six or more hours in an eight-hour workday. She can, frequently, but not constantly, reach with her bilateral upper extremities. She can frequently, but not constantly, handle, finger and feel with the bilateral upper extremities. She can occasionally perform overhead reaching with the bilateral upper extremities. She is able to understand, remember and carry out simple work-related instructions, and can concentrate for periods of two hours on work related tasks. She is limited to performing tasks that do not involve a specific production rate pace, such as assembly line work or an hourly production quota, and to performing tasks that require no responsibility for the safety of others. She is limited to performing positions that require no more than occasional work with the general public, coworkers, and supervisors.

R. at 70. In support of this RFC, the ALJ walked through, *inter alia*, the medical opinions in the record and articulated their respective "persuasiveness," as required by 20 C.F.R. § 416.920c(b). In so doing, the ALJ each time addressed the two "most important factors:" supportability and consistency. 20 C.F.R. § 416.920c(b)(2).

With respect to Ms. Foust-Ward's opinion, the ALJ thoroughly described the consultative exam Ms. Foust-Ward conducted on Plaintiff. R. at 72, 81. The ALJ then described how Ms. Foust-Ward, "[a]fter making her exam findings," "asserted (by checking boxes) that the claimant could lift and carry up to 20 pounds occasionally but could never lift any weight at all frequently[;] . . . that the claimant could sit for eight hours in an eight-hour day and could stand and/or walk for

[3] The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. 20 CFR § 404.1520(a). Between steps three and four, the ALJ determines the claimant's RFC, which accounts for the most the claimant can do despite his or her impairments. *Id.* § 404.1545(a). Steps four and five then consider whether the claimant can perform his or her past work, or, if not, whether the claimant can perform other work that is available in the national economy. *Id.* §§ 404.1520(a)(4)(iv), (v). The ALJ performed the challenged evaluation of Ms. Foust-Ward's opinion in connection with determining Plaintiff's RFC.

four hours each in an eight-hour day[;] . . . the claimant could frequently[4] handle, feel and grasp[;] . . . the claimant could only occasionally reach[; and] . . . the claimant could only occasionally bend, stoop, kneel and squat." R. at 81. The ALJ then determined that Ms. Foust-Ward's "assertions have little to no support from her own exam findings in which she found nothing wrong with the claimant from a physical perspective other than a slightly elevated blood pressure reading at the time of the exam." *Id.* The ALJ reasoned that "the limitations the consultative examiner asserted were based upon the claimant's subjective reports of fatigue and the claimant's subjective assertions in her function report and not her own exam of the claimant." *Id.* Turning to the second critical factor, the ALJ found that Ms. Foust-Ward's "assertions have only limited consistency with the record as a whole which shows . . . the claimant is less limited than [Ms. Foust-Ward] found" in three respects: Plaintiff's lift and carrying capacity;[5] Plaintiff's ability to reach;[6] and Plaintiff's postural limitations.[7] *Id.* at 81–82.

In her Objection, Plaintiff focuses her argument on how, in finding Ms. Foust-Ward's opinions not entirely supported, the ALJ relied on the fact that Ms. Foust-Ward incorporated Plaintiff's complaint of fatigue when crafting her limitations opinion, despite the fact that Plaintiff presented with "nothing wrong" at the evaluation, "other than slightly elevated blood pressure reading at the time of the exam." R. at 77, 81; *see* Pl.'s Obj. at 3–4. Plaintiff asserts that rejecting Ms. Foust-Ward's opinion on this basis is improper, because, "as an expert in disability evaluation,

---

[4] The ALJ made a point to note that "there was no box available to check to indicate that the claimant could perform those activities constantly. Accordingly, "frequently" was the least restrictive selection that the physician's assistant could make[,]" and "that the form, therefore, pre-supposes limitations that may or may not exist." R. at 81

[5] Finding that Plaintiff can lift and carry up to five pounds frequently (versus Ms. Foust-Ward's assertion that Plaintiff could never lift and carry any weight at all frequently) but is limited to lifting and carrying no more than 10 pounds on an occasional basis." R. at 81–82.

[6] Finding Plaintiff able to reach frequently, rather than only occasionally. R. at 82.

[7] "[T]he record shows that the claimant is less limited than the physician's assistant found regarding her ability to perform postural maneuvers as it shows that the claimant does not have the postural limitations that the physician's assistant opined and, in fact, has no postural limitations." R. at 82.

[Ms. Foust-Ward] was still able to understand how [Plaintiff's] fatigue would impact her ability to work full time in a competitive work setting." Pl.'s Obj. at 3–4. While acknowledging Plaintiff's argument, the Court nevertheless finds no error in the ALJ's supportability determination, because the ALJ was correct that nothing in Ms. Foust-Ward's *own exam findings* supported the subsequent limitation opinion. And the Court further finds no error in the ALJ's consistency determination, because the ALJ did not find Ms. Foust-Ward's opinion to be inconsistent with the record *on account of its reliance on Plaintff's reports of fatigue*. It was instead the extent to which Ms. Foust-Ward opined that the fatigue impacted Plaintiff that the ALJ found inconsistent with the record. *Compare* R. at 81–82 (finding Ms. Foust-Ward's opinion inconsistent with the record insofar as the record supported a finding that Plaintiff was less limited than Ms. Foust-Ward opined), *with* R. at 80 (finding a separate agency consultant's opinion partly inconsistent with the record because that consultant's "findings do not account for the claimant's consistent complaints of fatigue which the undersigned has found limits her to performing activities consistent with a sedentary exertional level as set forth in the above noted residual functional capacity"). Accordingly, the ALJ did not discredit Plaintiff's subjective reports of fatigue whole-cloth, as Plaintiff's briefing might suggest. Rather, the ALJ simply determined that Ms. Foust-Ward's examination results could not serve as support for any fatigue-based limitations, and that her ultimate limitation opinion was inconsistent with the record as a whole insofar as it over-credited the impact of Plaintiff's fatigue.

The Court finds that this determination was based on "the kind of relevant evidence that a reasonable mind could accept as adequate to support a conclusion," and thus the decision was properly supported by substantial evidence. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). The decision is not subject to reversal merely because other such evidence, weighed differently, could have supported a different conclusion. *Dunn v. Colvin*, 607 F. App'x 264, 274 (4th Cir.

2015). The prerogative of this Court is not to "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Hancock*, 667 F.3d at 472. Because the Court finds that the ALJ (1) properly evaluated and explained the supportability and consistency factors in determining the persuasiveness of Ms. Foust-Ward's opinion, and (2) built an accurate and logical bridge from the record evidence to his conclusions, the Court finds that the ALJ applied correct legal standards and substantial evidence supports his conclusions. *Johnson*, 434 F.3d 653. It is therefore appropriate to affirm the Commissioner's determination. *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015).

## III. CONCLUSION

Having reviewed the record *de novo*, the Court will overrule Plaintiff's objection to the Magistrate Judge's R&R, adopt the R&R, grant the Commissioner's motion for summary judgment, and deny Plaintiff's motion for summary judgment.

An appropriate Order will accompany this Memorandum Opinion.

/s/ RCY
Roderick C. Young
United States District Judge

Date: September 28, 2026
Richmond, Virginia